IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

2008 APR -3 P 12: 44

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LAVENTA HARRIS | ) |
| Plaintiff, | ) |
| v. | ) 3:08 cv 246 - WC |
| LEE COUNTY SHERIFF'S DEPARTMENT, | ) |
| Defendant. | ) DEMAND FOR JURY TRIAL |

## COMPLAINT

**COMES NOW,** the Plaintiff, Laventa Harris, and files this complaint against the Lee County Sheriff's Department as follows:

### Parties

1. The Plaintiff, Laventa Harris, is a natural person who is a citizen of the United States of American, a resident of Lee County, Alabama, and is over the age of majority.

2. The Defendant, Lee County Sheriff's Department is a municipality, duly organized and existing pursuant to the laws of the State of Alabama. At all times material hereto, Defendant operated as the Lee County Sheriff's Department in Lee County, Alabama.

### Jurisdiction and Venue

3. This Court has jurisdiction over the litigation herein pursuant to 28 U.S.C. § 1331, as the action arises under Federal law, 42 U.S.C. § 1983 and the Due Process Clause

of the Fourteenth Amendment of the United States Constitution. This Court has jurisdiction over the litigation pursuant to 42 U.S.C. §1981 as the action arises under Federal law. This Court has supplemental/pendent jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiffs' state law claims because of the close relationship to the claims within the Court's original jurisdiction that they form part of the same case or controversy under Article 3 of the United States Constitution. Plaintiff seeks compensatory damages and seeks to recover her costs and attorney's fees pursuant to 42 U.S.C. § 1988.

4. Venue is proper as this Court encompasses a judicial district where the Defendant resides and the Defendant operated in Lee County, Alabama, and the events made the basis of this lawsuit occurred in Lee County, Alabama.

### Statement of Facts Giving Rise to Cause of Action

5. On or about September 18, 2006, Laventa Harris called the Lee County Sheriff's Department for their assistance with her minor son, who was out of control.

6. Three officers came to the Harris residence in Lee County. Officers had responded to previous calls from Laventa Harris to the Lee County Sheriff's Department due to her minor son's aggressive behavior towards her.

7. The minor son went outside after Harris telephoned the Lee County Sheriff's Department for their assistance and punched a window with his fist, causing the glass window to break and resulting in an injury to his forearm. The injury was not serious.

8. A Caucasian officer, Bill McGuire, from the Lee County Sheriff's Department made racial remarks while in the Harris home. This same officer threw Harris' nine-year-old daughter, who was hanging on to her mother, on the sofa and cursed at her.

9. McGuire told Harris that he wanted to see her in jail. Harris was arrested for domestic violence. She was taken to jail barefoot.

10. At all relevant times, Defendant's officers were acting under color of the laws and regulations of the State of Alabama.

11. The policies and customs of the Lee County Sheriff's Department created an atmosphere conducive to treating African-Americans more harshly than Caucasians.

## COUNT I

### 42 U.S.C. § 1983 and Fourteenth Amendment

12. Plaintiff realleges and incorporates herein paragraphs 1 through 11 above and makes said paragraphs a part of this Count.

13. The constitutional deprivation alleged in paragraphs above was the result of the implementation and execution of the unconstitutional policies and customs by Defendant and the violation of well-established federal law, specifically 42 U.S.C. § 1981, race discrimination.

14. The exercise of these established policies and customs violated Harris' rights under the Fourteenth Amendment of the United States Constitution to be free from race discrimination and her entitlement to equal protection of the law.

15. As a proximate cause of the actions of the Lee County Sheriff's Department, Harris has suffered damages, including, but not limited to, physical pain and suffering, loss of income and wages, emotional anguish, mental distress, embarrassment, fear, humiliation, and financial expenses.

## COUNT II

## MALICIOUS PROSECUTION

16. Plaintiff realleges and incorporates paragraphs 1-15 above and make said paragraphs a part of this count.

17. Harris spent twelve hours in jail before she was able to post bond for her release. She entered a plea of not guilty. At her trial the District Court of Lee County rendered a verdict in favor of Harris.

18. As a proximate cause of Defendant's actions, Plaintiff suffered physical and emotional injuries and continues to suffer.

## Count III

## FALSE ARREST/FALSE IMPRISONMENT

19. Plaintiff realleges and incorporates paragraphs 1-18 above and make said paragraphs part of this count.

20. Harris was the victim. Defendant's detention of the Plaintiff was not pursuant to any legal cause or process and was without justification.

21. As a result of Defendant's actions, Plaintiff has suffered damages, including, but not limited to, loss of wages and emotional distress.

## COUNT IV

## RACE DISCRIMINATION

22. Plaintiff realleges and incorporates paragraphs 1-21 above and make said paragraphs part of his count.

23. Plaintiff was subjected to racial profiling when she was falsely arrested. Plaintiff was subjected to racial comments, including being called a "Nigger" by a Caucasian officer of the Lee County Sheriff's Department.

24. As a result of the Defendant's actions, Plaintiff suffered damages, including, but not limited to, loss of wages and emotional distress.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs pray that this Honorable Court grant the following:

A. Assume jurisdiction over this action;

B. Injunctive and declaratory relief;

C. An award of all court costs and reasonable attorneys' fees;

D. An award of such compensatory damages, including for mental anguish, to which Plaintiff may be entitled;

E. Such further, other, and different relief as the Court may deem appropriate and necessary.

### A TRIAL BY JURY IS REQUESTED

Respectfully submitted this the 3rd day of April 2008.

Kathryn Dickey (ASB8797-d57k)
Attorney for Plaintiff

**OF COUNSEL:**
Law Offices of Kathryn Dickey
322 Alabama Street
Montgomery, AL 36104
(334) 262-0728
(334) 265-7696 fax
kay@dickeyl.awfirm.com

5

```
Court Name: U S DISTRICT COURT - AL/M
Division: 2
Receipt Number: 4602004551
Cashier ID: brobinso
Transaction Date: 04/03/2008
Payer Name: KATHRYN M DICKEY
------------------------------------
CIVIL FILING FEE
 For: KATHRYN M DICKEY
 Case/Party: D-ALM-3-08-CV-000246-001
 Amount:        $350.00
------------------------------------
CHECK
 Check/Money Order Num: 7508
 Amt Tendered: $350.00
------------------------------------
Total Due:       $350.00
Total Tendered:  $350.00
Change Amt:      $0.00

HARRIS V. LEE CO SHERIFFS DEPT
```