**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**MIDDLE DIVISION**

| | | |
|---|---|---|
| LAVENTA HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 3:08-cv-00246-WC |
| | ) | |
| LEE COUNTY SHERIFF'S DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO DISMISS**

COMES NOW the Defendant in the above-styled cause, the entity designated as the "Lee County Sheriff's Department" and moves this honorable Court to dismiss the Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, as the Plaintiff's Complaint, and its component parts, separately and severally, fails to state a claim upon which relief may be granted.

As reason for so moving, the entity designated as the "Lee County Sheriff's Department" states that it is not a legal entity subject to suit. Pursuant to clearly established Alabama law, a "sheriff's department" is not a legal entity capable of being sued. King v. Colbert County, 620 So. 2d 623, 626 (Ala. 1993) (citing White v. Birchfield, 582 So. 2d 1085, 1087 (Ala. 1991) ("The Colbert County Sheriff's Department is not a legal entity. Therefore, one cannot maintain an action against it."); Ex parte Haralson, 853 So. 2d 928, 931 (Ala. 2003) ("It is clear under Alabama law that the sheriff's department is not a legal entity subject to suit."). Federal courts have also recognized that Alabama sheriff's departments are not legal entities subject to suit. See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992); Johnson v. Mobile County Sheriff's Dep't, 2007 WL 2023448, *7 (S.D. Ala. July 9, 2007); McClure v. Houston County, Ala., 306 F.

Supp. 2d 1160, 1165 (M.D. Ala. 2003); Williams v. Goldsmith, 905 F. Supp. 996, 1000 (M.D. Ala. 1995).

Therefore, the Plaintiff has failed to name a defendant in this matter that is capable of responding to her Complaint, or of being sued for the relief requested.

WHEREFORE, PREMISES CONSIDERED, the entity designated by the Plaintiff as the "Lee County Sheriff's Department" moves this honorable Court to dismiss the Plaintiff's Complaint as it fails to state a claim upon which relief may be granted.

Respectfully submitted this 28th day of April, 2008.

> **s/Daryl L. Masters**
> DARYL L. MASTERS, Bar No. MAS018
> Attorney for Defendant
> WEBB & ELEY, P.C.
> Post Office Box 240909
> 7475 Halcyon Pointe Dr. (36117)
> Montgomery, Alabama  36124
> Telephone:  (334) 262-1850
> Fax:  (334) 262-1889
> E-mail:  dmasters@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 28th day of April, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and that I have mailed by United States Mail, postage prepaid, to the following non-CM/ECF participant**:  Kathryn M. Dickey, Esq.**

> **s/Daryl L. Masters**
> OF COUNSEL

2