IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **LAVENTA HARRIS,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| v. ) | **CIVIL ACTION NO. 3:08-cv-00246-WC** |
| ) | |
| **JAY JONES, SHERIFF OF** ) | |
| **LEE COUNTY SHERIFF'S** ) | |
| **DEPARTMENT, in his official and** ) | |
| **individual capacity and DEPUTY BILL** ) | |
| **MCGUIRE, of the Lee County** ) | |
| **Sheriff's Department, in his** ) | |
| **official and individual capacity,** ) | |
| ) | |
|     **Defendant.** ) | |

**MEMORANDUM BRIEF IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

COME NOW Jay Jones, Sheriff of Lee County, Alabama, in his official and individual capacity, and Bill McGuire, Deputy Sheriff of Lee County, Alabama, in his official and individual capacity, the Defendants in the above-styled case, and submit this Memorandum Brief in support of their Motion to Dismiss. The Plaintiff's Amended Complaint is due to be DISMISSED WITH PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6) based on the following grounds:

**INTRODUCTION**

The Plaintiff originally filed her Complaint against a fictitious entity designated as the "Lee County Sheriff's Department." After the "Lee County Sheriff's Department" filed a Motion to Dismiss based on the fact that the so-named Defendant is not a legal entity subject to suit, the Plaintiff filed this Amended Complaint against Jay Jones, Sheriff of Lee County, Alabama, in his official and individual capacity, and Bill McGuire, Deputy Sheriff of Lee

1

County, Alabama, in his official and individual capacity. In her Amended Complaint, the Plaintiff has alleged violations of 42 U.S.C. § 1981 and her rights pursuant to the Fourteenth Amendment of the United States Constitution arising from her arrest during an incident involving the Plaintiff's minor son, who the Plaintiff has characterized as being "out of control." (Compl. ¶ 6.) She has also alleged claims of malicious prosecution and false arrest/false imprisonment pursuant to Alabama law. Finally, she has alleged that she has been subject to "racial profiling" and "racial comments."

## ARGUMENT

### I. ALL CLAIMS AGAINST SHERIFF JONES AND DEPUTY SHERIFF MCGUIRE IN THEIR OFFICIAL CAPACITIES ARE DUE TO BE DISMISSED.

#### A. The Plaintiff's official capacity claims against Sheriff Jones and Deputy Sheriff McGuire are barred by the Eleventh Amendment to the United States Constitution.

The Plaintiff's official capacity § 1983 claims are due to be dismissed for lack of subject matter jurisdiction. By virtue of their positions, Sheriff Jones and Deputy McGuire are executive officers of the State of Alabama. See Article V, § 112 of the Alabama Constitution; see also McMillian v. Monroe County, 520 U.S. 781 (1997) (holding that an Alabama sheriff represents the State of Alabama when executing law enforcement duties); Carr v. City of Florence, 916 F. 2d 1521, 1525-26 (11th Cir. 1990) (holding that Alabama deputy sheriffs are legally extensions of their sheriffs and are likewise considered officers of the State of Alabama). Therefore, a suit against Sheriff Jones and Deputy McGuire in their official capacities is a suit against the State of Alabama. See Hafer v. Melo, 502 U.S. 21, 25 (1991); Lancaster v. Monroe County, 116 F.3d at 1429; see also Kentucky v. Graham, 473 U.S. 159, 165-66 (1985).

Because this suit is, in effect, a suit against the State of Alabama, the Plaintiff's claims under § 1983 are barred by the Eleventh Amendment to the United States Constitution. See Free

v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989) (holding that action under 42 U.S.C. § 1983 against the Sheriff is barred by the Eleventh Amendment); see also Dean v. Barber, 951 F.2d 1210, 1215 n.5 (11th Cir. 1992) (holding that suit against a sheriff in his official capacity "is prohibited by the Eleventh Amendment because the State of Alabama is the real party in interest."); Carr, 916 F.2d at 1525 (citing Parker v. Williams, 862 F.2d 1471, 1476 (11th Cir. 1989) and upholding the proposition that a deputy sued in his official capacity is entitled to Eleventh Amendment immunity); Gaines v. Choctaw County Comm'n, 242 F. Supp. 2d 1153, 1159 (N.D. Ala. 2003) ("The Sheriff is considered a state officer, and so are his employees."); Vinson v. Clarke County, 10 F. Supp. 2d 1282, 1305 (S.D. Ala. 1998) (explaining "the sovereign immunity protections have been construed by courts to extend to employees of the state, including county sheriffs). Thus, this Court lacks subject matter jurisdiction over the Plaintiff's official capacity claims.

      **B.**    **Sheriff Jones and Deputy Sheriff McGuire, in their official capacities, are not persons for purposes of 42 U.S.C. § 1983.**

42 U.S.C. § 1983 prohibits a person, acting under color of law, from depriving another of his rights secured by the United States Constitution. 42 U.S.C. § 1983. The United States Supreme Court has held that a state official sued in his or her official capacity, is not a "person" under § 1983. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Thus, Plaintiff's official capacity claims against Sheriff Jones and Deputy McGuire are due to be dismissed because they are not persons under § 1983. Id.; Carr, 916 F.2d at 1525 n.3 (citing Will and noting that, in addition to entitlement to Eleventh Amendment immunity, "neither a State nor its officials acting in their official capacities are a 'person' under § 1983").

II.  **ALL CLAIMS AGAINST SHERIFF JONES AND DEPUTY SHERIFF MCGUIRE IN THEIR INDIVIDUAL CAPACITIES ARE DUE TO BE DISMISSED.**

    A.  **THE PLAINTIFF'S COMPLAINT FAILS TO MEET THE ELEVENTH CIRCUIT'S PLEADING REQUIREMENT.**

The Plaintiff's individual capacity claims against Sheriff Jones and Deputy Sheriff McGuire are due to be dismissed as the Complaint, on its face, does not meet the Eleventh Circuit's pleading standard for § 1983 cases involving qualified immunity. It is well established in the Eleventh Circuit that a plaintiff's pleading standard is "heightened" when claims are made against government officials in their individual capacities. See Hayden v. Coppage, 533 F.Supp.2d 1186, 1191 (M.D. Ala. 2008) ("Defendants are correct that, in the Eleventh Circuit, heightened pleading applies to a complaint's § 1983 allegations when challenged upon a Rule (12)(b)(6) motion by a defendant who may be entitled to qualified immunity."); Epps v. Watson, 492 F.3d 1240, 1242 (11th Cir. 2007) ("Our circuit, however, imposes a heightened pleading requirement in section 1983 claims against individuals..."); GJR Inv., Inc. v. County of Escambia, 132 F.3d 1359, 1367 (11th Cir. 1998) ("Accordingly, when reviewing a district court's disposition of a motion to dismiss a § 1983 claim on qualified immunity grounds, we are guided both by the regular 12(b)(6) standard and by the heightened pleading requirement."). The GJR Inv., Inc. Court described the rationale of this heightened pleading standard as follows:

> [W]hile Fed. R. Civ. P. 8 allows a plaintiff considerable leeway in framing its complaint, this circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992) (citing Arnold v. Bd. of Educ., 880 F.2d 305, 309 (11th Cir. 1989)). Some factual detail is necessary to the adjudication of § 1983 claims. This is particularly true in cases involving qualified immunity, where we must determine whether a defendant's actions violated a clearly established right.

132 F.3d at 1367.

To state a claim under this heightened pleading standard, the Plaintiff must go beyond the vague, conclusory statements often associated with notice pleading.  Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003).  Instead, the Plaintiff must "include the specific, non-conclusory allegations of fact that will enable the district court to determine that those facts, if proved, will overcome the defense of qualified immunity."  Id. (citing Veney v. Hogan, 70 F.3d 917, 922 (6th Cir.1995)).  Only "well pleaded facts" and "reasonable inferences of law" need be accepted in making this determination.  Gonzalez, 325 F.3d at 1235 (citing Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992)).  In addition, when considering the sufficiency of the alleged facts, this Court "'must also keep in mind the fact that we [the Court] generally accord[s] official conduct a presumption of legitimacy.' Dalrymple v. Reno, 334 F.3d 991, 996 (11th Cir.2003) (alterations omitted) (citing United States Dep't of State v. Ray, 502 U.S. 164, 179, 112 S.Ct. 541, 550, 116 L.Ed.2d 526 (1991))."

### 1. The Plaintiff has failed to state a claim against Deputy Sheriff McGuire for any violation of her rights.

In her Statement of Facts, the Plaintiff alleges that Deputy Sheriff McGuire: 1) made "racial remarks;" 2) "threw Harris' nine-year-old daughter…on the sofa and cursed at her;" 3) told the Plaintiff that he wanted to see her in jail; and 4) arrested the Plaintiff and took her to jail without shoes.  (Comp. ¶¶ 8-9).  However, the only allusion to any legal theories that may be supported by these facts is in Count I, where the Plaintiff states there was a "constitutional deprivation alleged in paragraphs above" because of certain policies and customs, and that the "exercise of these established policies and customs  violated Harris' rights under the Fourteenth Amendment of the United States Constitution to be free from race discrimination and her entitlement to equal protection of the law."  (Comp. ¶¶ 13-14).

Although the Defendants assume that the "constitutional deprivation alleged in

paragraphs above" refers to the Plaintiff's arrest (especially since her daughter, who was supposedly also harassed, has not had a claim brought on her behalf), it is impossible to know precisely which facet of it is allegedly unconstitutional. Does she claim that there was no probable cause? Is she claiming that excessive force was used? If so, did she sustain any injuries? Neither this Court nor the Defendants should have to assume anything about the Plaintiff's Complaint or try to guess the answers to these questions, which are vitally important to the question of qualified immunity. See, e.g., Gonzalez, 325 F.3d at 1235. Because the Plaintiff has failed to allege sufficient facts and legal theories to make a determination regarding qualified immunity, the Plaintiff's Complaint is due to be dismissed with prejudice.

      **2.    The Plaintiff has failed to state a claim against Sheriff Jones for the implementation of policies and customs**.

The Plaintiff attempts to argue that the violation of her constitutional rights was a result of certain policies and customs established by Sheriff Jones. As an initial matter, Supervisory liability does not attach as a result of the "unconstitutional acts of… subordinates [through] respondeat superior or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir.1999) (internal citations omitted) (reversing district court's failure to grant qualified immunity to supervisor of teacher who had allegedly sexually abused plaintiff when supervisor had no prior indication of the danger). Instead, Sheriff Jones can be liable for the Plaintiff's supposed injuries only if the Plaintiff can show a direct, causal link between his injury and Sheriff Jones's actions in affirmatively setting or failing to correct some specific policy or custom. Id.

The Plaintiff must identify the policy or custom alleged to have caused her injuries, sufficiently allege these injuries, and show that Sheriff Jones had knowledge of a "sufficiently substantial risk" that the policy or custom would cause the type of harm that she supposedly

suffered.  Marsh v. Butler County, Ala., 268 F.3d 1014, 1036 (11th Cir. 2001).  As previously discussed, the Plaintiff has already failed this test because she has not sufficiently alleged any injuries that occurred as a result of a policy or custom established by Sheriff Jones.  However, even if she had done so adequately, she would still fail to state a claim against Sheriff Jones.

The Marsh court granted the defendant sheriff's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), finding that the plaintiff had failed to allege sufficient facts to state a claim when the plaintiff had alleged only that the sheriff's policy of releasing certain inmates with medical conditions had resulted in injury, but had failed to allege that the sheriff was aware of earlier violations of inmates' rights because of the policy.  Id.  In so ruling, the court "specifically reject[ed] the idea that the policy, on its face, [was] 'obviously' a danger."  Id.

In the instant case, the Plaintiff has not even identified the specific policy or custom that she claims led to the (also unspecified) violation of her rights, much less alleged that Sheriff Jones had knowledge that they would do so.  She has alleged only in conclusory fashion that these mysterious policies or customs were "unconstitutional."  Such vague allegations are insufficient to state a claim against Sheriff Jones in his individual capacity pursuant to the heightened pleading standard.  The Plaintiff's claims against Sheriff Jones in his individual capacity are therefore due to be dismissed with prejudice.

### 3. The Plaintiff's claim of "Race Discrimination" is completely without merit.

In Count IV of her Complaint, the Plaintiff has alleged that she was subject to "racial profiling."  Her only proof of such profiling or damage resulting therefrom is a single allegation that a "Caucasian officer" called her a "N*gger" while "falsely arrested."  The complete lack of any factual or legal bases for this argument makes it impossible to argue against this very vague claim.

In Thompson v. Woods, the court rejected a similarly vague claim pursuant to even the

7

notice pleading standard of Fed. R. Civ. P. 8 based on "racial profiling" and granted the defendants' motion to dismiss with prejudice. 2006 WL 1699729 (M.D. Ala. 2006) (slip copy). Although the Thompson court noted that the plaintiff was pro se and, as such, his Complaint was granted more leeway than those draft by attorneys, as in the instant case, it still rejected his plea that he be allowed discovery as follows:

> The claim is not undergirded with any factual support at all for the "racial profiling" contention, a fact practically conceded by Thompson, who relies instead on his optimism that his opinion about the officers' mindset can be supported by other African Americans if the court allows discovery. The absence of probative facts is fatal for this claim as it is not enough to indicate merely that the plaintiff has a grievance but sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.

Id. at *4 (internal citations omitted).

Notably, the Thompson plaintiff actually alleged more detail then the Plaintiff. In Thompson, the plaintiff stated that:

> these two officers have harassed and made unwarranted traffic stops to include cited and arrested plaintiff and other African Americans in this community…and by an through their racially biased and stereotypical behavior has [sic] also violated the [Fourteenth] amendment rights of the Plaintiff and all other persons similarly situated.

Id. at *2. The Plaintiff in the instant case does not even specify who (beyond a "Caucasian officer") harassed her or the end result of such harassment, i.e., a violation of her fourteenth amendment rights, fourth amendment rights, or both. She claims only that one of the Defendants harmed her, but there is no indication of who this would have been. The Plaintiff could be alleging that Deputy McGuire was the Caucasian officer and that this is an additional claim against him pursuant to the fourteenth amendment, or she could be referring to another Caucasion officer who she has chosen

not to sue so that this claim is actually another allegation of unconstitutional policies and customs against Sheriff Jones. This claim does not meet even the notice pleading standards of Fed. R. Civ. P. 8, much less the heightened pleading standard applicable to actions brought against officials in their individual capacities, and it is therefore due to be dismissed with prejudice.

> **B.  Sheriff Jones and Deputy Sheriff McGuire are entitled to qualified immunity from the Plaintiff's § 1983 claims.**

Even if the Plaintiff's Complaint could be construed as conforming to the Eleventh Circuit's pleading requirements, it, on its face, demonstrates that Sheriff Jones and Deputy Sheriff McGuire are entitled to qualified immunity. Qualified immunity should be applied at the "earliest possible stage in litigation because the defense is immunity from suit and not from damages only." Marsh, 268 F.3d at 1022 (citing Hunter v. Bryant, 502 U.S. 224 (1991) ("[W]e repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in the litigation."); Mitchell v. Forsyth, 472 U.S. 511 (1985) (entitlement of qualified immunity is "immunity from suit rather than a mere defense to liability; and...is effectively lost if a case is erroneously permitted to go to trial")). In order to receive qualified immunity, an officer must first show that he was acting within the scope of his discretionary authority. Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). The burden then shifts to the plaintiff to prove that qualified immunity is not appropriate by showing that he suffered a violation of some specific right. Id. If a plaintiff can show a violation of his rights, he must then show that the law regarding the right was clearly established. Id.

In Alabama, law can only be "clearly established" by decisions of the U.S. Supreme Court, Eleventh Circuit Court of Appeals, or the Alabama Supreme Court. Jenkins by Hall v. Talladega City Bd. of Educ., 115 F.3d 821, 827, n.4 (11th Cir. 1997) (en banc). There are two possible sources for clearly established law: (1) a case with materially similar facts holding that

9

the conduct engaged in was illegal; or (2) a pertinent federal statute or federal constitutional provision is specific enough to demonstrate conduct was illegal, even in the total absence of case law, also known as an "obvious clarity case." Storck v. City of Coral Springs, 354 F.3d 1307, 1317 (11th Cir. 2003) (citations omitted); Vinyard v. Wilson, 311 F.3d 1340, 1350 (11th Cir. 2002) (footnote omitted). To be clearly established, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what defendant is doing violates federal law in the circumstances." Hudson v. Hall, 231 F.3d 1289, 1294 (11th Cir. 2000) (quoting Lassiter v. Ala. A&M Univ. Bd. of Trs., 28 F.3d 1146, 1150 (11th Cir.1994) (en banc)). Therefore, "unless a government agent's act is so obviously wrong, in the light of pre-existing law, that only a plainly incompetent officer or one who was knowingly violating the law would have done such a thing, the government actor has immunity from suit." Storck, 354 F.3d at 1318 (quoting 28 F.3d at 1149).

It is clear from the face of the Complaint that Sheriff Jones and Deputy McGuire were acting within their discretionary authority as Sheriff and Deputy Sheriff, respectively, during all times relevant to Plaintiff's Complaint because all actions complained of in the Complaint are law enforcement activities, and law enforcement activities are "a legitimate job-related function" of Deputy Sheriffs. See, e.g. Holloman ex rel Holloman v. Harland, 370 F.3d 1252, 1267 (11th Cir. 2004). Once a defendant has asserted the defense of qualified immunity, the threshold inquiry a court must undertake is whether the plaintiff's allegations, if true, establish a constitutional violation. Saucier v. Katz, 533 U.S. 194, 201 (2001). This initial inquiry is whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" Id. (citing Siegert v. Gilley, 500 U.S. 226, 232 (1991)).

10

In other words, do the facts as alleged in the Plaintiff's Complaint show that Sheriff Jones and Deputy McGuire conduct violated a constitutional right? The second inquiry is, if a constitutional violation is stated, was the right "clearly established" to the degree that Sheriff Jones and Deputy McGuire had "fair warning" that their conduct violated Plaintiff's decedent's constitutional rights?

"Unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." See Mitchell, 472 U.S. at 526. The burden is on the Plaintiff to show that Deputies Holley and Shea violated clearly established law. Id. As the Eleventh Circuit has held:

> Qualified immunity is a doctrine that focuses on the actual, on the specific, on the details of concrete cases. The most common error we encounter, as a reviewing court, occurs on this point: courts must not permit plaintiffs to discharge their burden by referring to general rules and to the violation of abstract 'rights.'

Lassiter v. Ala. A&M Univ. Bd. of Trustees, 28 F.3d 1146, 1149-50 (11th Cir. 1994) (en banc).

### 1. There was no violation of the Plaintiff's constitutional rights.

As previously discussed, the Plaintiff does not actually state a constitutional violation. However, assuming again that any alleged violation would be related to the circumstances of her arrest, it is worth noting that, in general, "the actions of the officers must be reasonable in light of the facts and circumstances confronting the officer, without regard to his underlying intent or motivation. Graham v. Connor, 490 U.S. 386, 397 (1989). Thus, when confronted with a claim of excessive force, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Id at 396. Similarly, "[p]robable cause to arrest exists when law enforcement officials have facts and circumstances within their knowledge sufficient to warrant a reasonable belief that the suspect had committed or was committing a crime." Skop v. City of Atlanta, Ga., 485 F.3d

1130, 1137 (11th Cir. 2007) (quoting United States v. Floyd, 281 F.3d 1346, 1348 (11th Cir.2002) (per curiam)).  The probable cause standard is "practical and non-technical, applied in a specific factual context and evaluated using the totality of the circumstances." Id.  Although probable cause requires more than suspicion, it does not require convincing proof, and need not reach the [same] standard of conclusiveness and probability as the facts necessary to support a conviction.  Lee v. Ferraro, 284 F.3d 1188, 1195 (11th Cir. 2002).

The Plaintiff's accusations and implications regarding Deputy McGuire's personal motives for her arrest are irrelevant.  To state a claim for some sort of constitutional violation arising out of her arrest, she must allege sufficient facts to show that the circumstances of her arrest were actually unreasonable.  The Plaintiff has not done this.  Thus, she cannot show that any of her rights were violated, and her Complaint is due to be dismissed with prejudice.

>    **2.    Even if the Plaintiff could state a violation of her constitutional rights, Sheriff Jones and Deputy Sheriff McGuire would still be entitled to qualified immunity.**

Even if the Plaintiff could show a constitutional violation, she could still not overcome qualified immunity.  Even though Deputy Ray had probable cause to arrest Newton for violating Alabama law, he would also be entitled to qualified immunity if there was only arguable probable cause for the arrest.  Jones v. Cannon, 174 F.3d 1271, 1283 (11th Cir. 1999) ("Arguable probable cause, not the higher standard of actual probable cause, governs the qualified immunity inquiry.").  Police officers are not expected to be trained lawyers.  It is "'unfair and impracticable' to hold public officials to the same level of knowledge as trained lawyers." Lassiter v. Alabama A&M Univ. Bd. of Tr., 28 F.3d 1146, 1152 n.8 (11th Cir. 1994) (overruled on other grounds) (quoting Davis v. Scherer, 468 U.S. 183, 196 n.13 (1984)).  The Eleventh Circuit discussed this standard in Durruthy v. Pastor, 351 F.3d 1080 (11th Cir. 2003).

> Arguable probable cause exists when an officer reasonably could have believed that probable cause existed, in light of the information the officer possessed. Montoute v. Carr, 114 F.3d 181, 184 (11th Cir. 1997); see also Jones, 174 F.3d at 1283. As we framed the concept in Lee v. Ferraro:
>
>> Arguable probable cause exists where reasonable officers in the same circumstances and possessing the same knowledge as the Defendant[] could have believed that probable cause existed to arrest. Id. (quoting Redd, 140 F.3d at 1382 (internal citations omitted)). In determining whether arguable probable cause exists, we apply an objective standard, asking whether the officer's actions are objectively reasonable . . . regardless of the officer's underlying intent or motivation. Vaughan v. Cox, 264 F.3d 1027, 1036 (11th Cir. 2001) (quoting Montoute, 114 F.3d at 184). Arguable probable cause does not require an arresting officer to prove every element of a crime or to obtain a confession before making an arrest, which would negate the concept of probable cause and transform arresting officers into prosecutors." Scarborough v. Myles, 243 F.3d 1299, 1302-03 (11th Cir. 2001).

284 F.3d at 1195.

In her Complaint, the Plaintiff admitted that Deputy Sheriff McGuire was called into a situation that was "out of control." (Compl. ¶ 5). Because this is the extent of the facts that are known regarding the situation, no real analysis can be done. However, a showing of such chaos has repeatedly been held to be sufficient to state at least arguable probable cause. See, e.g., Redd v. City of Enterprise, 140 F.3d 1378, 1382 n.4 (11th Cir. 1998) (The officers assert that they had probable cause to believe that Anderson was "mak[ing] unreasonable noise." The district court noted that there remained a factual dispute as to precisely how loudly Anderson was speaking. Anderson admits, however, that he was speaking at least loudly enough to be heard across a busy intersection. We believe that this admission is sufficient to establish that the officers had arguable probable cause to arrest Anderson.") Because the Plaintiff cannot show a constitutional violation, much less that such violation was against clearly established law, the Defendants are entitled to qualified immunity.

III. **SHERIFF JONES AND DEPUTY SHERIFF MCGUIRE ARE ENTITED TO ABSOLUTE IMMUNITY FROM ALL CLAIMED VIOLATIONS OF ALABAMA STATE LAW.**

The State of Alabama and all of its agencies and officers are absolutely immune from suit for all actions done in the line and scope of their employment. Alabama Const. art. I., § 14; see also Ex parte Mobile County Dep't of Human Res., 815 So. 2d 527, 530 (Ala. 2001). It is well established that a sheriff is actually an executive officer of the State of Alabama. McMillian v. Monroe County, Alabama, 520 U.S. 781, 789 (1997). Thus, a sheriff and his staff are entitled to State sovereign immunity. Caldwell v. Brogden, 678 So.2d 1148, 1150-50 (Ala. Civ. App. 1996) (holding sheriff and deputies to be immune from suit in case alleging false arrest, false imprisonment, and malicious prosecution). Assuming that the allegations made in the Complaint are true, there can be no dispute that Sheriff Jones and Deputy McGuire were acting in the line and scope of their duties at all relevant times. See,e.g., Id. All claims under Alabama state law against Sheriff Jones and Deputy McGuire are therefore due to be dismissed with prejudice.

Respectfully submitted this the 23rd day of May, 2008.

> **s/Jamie K. Hill**
> JAMIE K. HILL, Bar No. HIL060
> DARYL L. MASTERS, Bar No. MAS018
> Attorneys for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone (334) 262-1850
> Fax (334) 262-1889
> Email: jhill@webbeley.com