IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LAVENTA HARRIS | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO.: 3:08-cv-00246 |
| | ) | |
| v. | ) | |
| | ) | DEMAND FOR JURY |
| JAY JONES, SHERFIFF OF | ) | |
| LEE COUNTY SHERIFF'S | ) | |
| DEPARTMENT, in his official | ) | |
| and individual capacity, and DEPUTY | ) | |
| BILL MCGUIRE, of the Lee County | ) | |
| Sheriff's Department, in his official | ) | |
| and individual capacity | ) | |
| | ) | |
| Defendants. | | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
MOTION TO DISMISS AMEND COMPLAINT**

**COMES NOW**, Laventa Harris, the Plaintiff in the above-captioned matter, and files her response to Defendants' Motion to Dismiss Plaintiff's Amended Complaint and shows the following unto this Court:

1. This circuit has held that a "complaint cannot be dismissed unless it is clear that no relief could be granted under any set of facts that could be proved, consistent with the allegations, even where it may appear on the face of the pleadings that a recovery is very remote." *Roe v. Aware Woman Center for Choice, Inc. 253 F. 3d 678 (11th Cir. 2001).*

2. Plaintiff's Complaint meets the pleading requirements set forth under Fed. R. Civ. P. 8 and 10 for §1983 claims, even with the Eleventh Circuit's application of a heightened pleading standard. The purpose of the heightened pleading standard is to provide the court with adequate factual information to

    determine whether a defendant's actions violated clearly established rights. *Arnold v. Bd. Of Educ., 880 F. 2d 305 (11th Cir. 1989).*

3. Qualified immunity protects government officials sued in their individual capacity as long as their conduct violates no clearly established statutory or constitutional rights of which a reasonable person would have known. A reasonable person would have known that calling a defendant a "Nigger" while in the process of making an arrest violates a well-established constitutional right. Deputy McGuire called Laventa Harris a "Nigger". Deputy McGuire arrested Laventa Harris, even though she was the victim and the one who had called the officers for help. The Eleventh Circuit has held that to be "clearly established" does not mean that a court must have previously found the very action in question unlawful. It does mean that in light of pre-existing law the unlawfulness must be apparent. *Jordan v. doe, 38 F. 3d 1559 (11th Cir. 1994).* Deputy McGuire made racial remarks, threw Laventa Harris' nine-year-old daughter on the sofa and cursed at her, told Harris he wanted to see her in jail, and arrested her.

4. The United States Supreme Court has held that whenever the government treats any person unequally because of race, that person has suffered an injury in violation of the Constitution's guarantee of equal protection. *Hope v. Pelzer, 536 U.S. 730, 122 S. Ct. 2516, 153 L. Ed. 2d 666 (2002).* Deputy McGuire called Laventa Harris a "Nigger". McGuire's actions towards Harris were based on her race. Harris is African-American. McGuire is

Caucasian. Sheriff Jones, Caucasian, is responsible for the policies and procedures used by Deputies under his supervision.

5. Officials of the state may be sued in their official capacity even though it is an action against the entity. In the instant case, Jones and McGuire are properly sued in their official capacity. *Kentucky v. Graham, 473 U.S. 159 (1985).*

6. Officials sued in their individual capacity are "persons" within the meaning of §1983, when the Plaintiff can establish that the Defendant "official" was acting under color of state law and caused a deprivation of a federal right. Deputy Bill McGuire and Sheriff Jay Jones were acting in their official capacity when Laventa Harris was arrested. *Hafer v. Melo, 502 U.S. 21 (1991).* The Eleventh Amendment does not bar suits for equitable relief against state officers in their official capacity. *Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).*

7. The Eleventh Amendment does not bar a damage award against state officials in their individual capacity. *Kentucky v. Graham, 473 U.S. 159, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985).* Any individual may bring suit against a state agency or state agent, if the state unequivocally has waived its immunity or if congressional legislation under §5 of the Fourteenth Amendment operates as a waiver of the Eleventh Amendment's protection. *Hutto v. Finney, 437 U.S. 445, 49 L. Ed. 2d 614, 96 S. Ct. 2666 (1976).*

8. Defendants were acting in their official capacity during all times relevant to Plaintiff's Amended Complaint. The issue then turns to whether Defendants violated clearly established constitutional right of Plaintiff. Plaintiff has

identified a "clearly established" right, race discrimination, necessary to overcome the defense of qualified immunity. The facts support that other state violations, as set forth in Plaintiff's Complaint, were also violated by Defendants.

Respectfully submitted this 5th day of June, 2008.

/s/Kathryn Dickey\
Kathryn Dickey (ASB 8797-d57k)\
Attorney for Plaintiff

OF COUNSEL:\
Law Offices of Kathryn Dickey\
322 Alabama Street\
Suite B\
Montgomery, AL 36104\
(334) 262-0728\
(334) 265-7696  fax\
kay@dickeylawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 5th day of June 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system the following attorney of record:  Daryl L. Masters

/s/ Kathryn Dickey\
OF COUNSEL