IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| LAVENTA HARRIS, | ) |
| | ) |
|     Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:08-cv-00246-WC |
| | ) |
| JAY JONES, SHERIFF OF | ) |
| LEE COUNTY SHERIFF'S | ) |
| DEPARTMENT, in his official and | ) |
| individual capacity and DEPUTY BILL | ) |
| MCGUIRE, of the Lee County | ) |
| Sheriff's Department, in his | ) |
| official and individual capacity, | ) |
| | ) |
|     Defendants. | ) |

## DEFENDANTS' REPLY TO THE PLAINTIFF'S RESPONSE TO DEFENDNANTS' MOTION TO DISMISS AMENDED COMPLAINT

COME NOW Jay Jones, Sheriff of Lee County, Alabama, in his official and individual capacities, and Bill McGuire, Deputy Sheriff of Lee County, Alabama, in his official and individual capacities, the Defendants in the above-styled case, and submit this Reply to the Plaintiff's Response to Defendants' Motion to Dismiss Amended Complaint.

## ARGUMENT

The United States Supreme Court has recently rejected the "no set of facts" standard advanced by the Plaintiff for determining the sufficiency of a complaint challenged by a Rule 12(b)(6) motion. Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (2007) (overruling Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). What is required, in the Twombly Court's view, are facts. Even under Rule 8(a) there must be a "'statement of circumstances occurrences, and events in support of the claim presented' and . . . not . . . a pleader's 'bare averment that he wants relief and is entitled to it.'" Twombly, 127 S. Ct. at 1965 n.3

(citations omitted).  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing only 'fair notice' of the nature of the claim but also 'grounds' on which the claim rests."  Id. (citations omitted).  Of course, this standard is even higher in cases such as the instant one where the Plaintiff must meet the Eleventh Circuit's heightened pleading standard.  Beyond her allegation that she was insulted in the course of being arrested, the Plaintiff has failed to allege sufficient facts or even the most basic of legal theories.  Therefore, her Amended Complaint is due to be dismissed with prejudice.

The Plaintiff has stated that the simple act of calling her a "Nigger" while in the course of making an arrest is actionable in and of itself.  However, words directed toward a detainee, no matter how reprehensible or derogatory, are simply not sufficient to state a deprivation of constitutional rights.  See Thompson v. Woods, 2006 WL 1699729 (M.D. Ala. 2006) (slip copy) (granting defendants' motion to dismiss with prejudice on claim of "racial profiling"); See Also Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979) (allegations that sheriff laughed at prisoner and threatened to "hang him" was not sufficient to establish a constitutional violation); Buford v. Leck, 991 F.2d 805 (10th Cir. 1993) (holding that the fact that an inmate may have been physically and mentally wounded by prison officer's demeaning racial comments does not elevate defendant's speech to the status of a deprivation of plaintiff's constitutional rights.  A vile, reprehensible, and detestable racial slur made on one isolated occasion does not violate an individual's constitutional rights entitling him to monetary relief); McFadden v. Lucas, 713 F.2d 143, 146 (5th Cir.), cert. denied 464 U.S. 988 (1983) (mere threatening language and gestures of a custodial officer do not, even if true, amount to constitutional violations); accord Johnson v. Glick, 481 F.2d 1028, 1033 n.7 (2d Cir.) (the use of words, no matter how violent, does not

comprise a § 1983 violation), cert. denied 414 U.S. 1033 (1973); see also Miner v. Brackney, 719 F.2d 954, 955 (8th Cir. 1983); Langley v. Gibbeson, 958 F.2d 377 (9th Cir. 1992); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (holding that alleged vulgarity does not establish a genuine issue as to any material fact); Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991) (fear or emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest); Ellingburg v. Lucas, 518 F.2d 1196, 1197 (8th Cir. 1975) (holding that damages for defamation, allegedly incurred when defendant called plaintiff by an obscene name, are not recoverable under § 1983). Although Deputy McGuire's alleged use of such a term may be evidence of unequal treatment on the basis of race, she still must allege how she was actually treated and what injuries she suffered as a result. See, e.g., Granger v. Williams, 200 F. Supp. 2d 1346 (M.D. Ala. 2002) (discussing, in employment context, necessity of causal link between direct evidence and adverse action).

Even assuming, arguendo, that the Plaintiff's allegations are true, she has still failed to state what action or inaction Deputy McGuire's supposed racial animus motivated him to take, the policies and procedures pursuant to which these mysterious actions were performed, or how she was harmed - not simply offended, but actually harmed- as a result. Without these allegations, the Defendants cannot adequately analyze her claims,.

Because the Plaintiff concedes that the Defendants were acting in their discretionary capacity at all relevant times, she assumes the burden to show that they violated her rights, and that such violations were done in contravention of clearly established law. Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). As previously discussed, she has not stated a violation of her rights and has not even attempted to cite any authority to support her claims of a violation. Her reliance on Hope v. Pelzer, 536 U.S. 730 (2002), for the proposition that "whenever the government treats

any person unequally because of race, that person has suffered an injury in violation of the Constitution's guarantee of equal protection" is seriously misplaced. Doc. 19, ¶ 4. Insofar as this is a very general statement of the black-letter law, she is correct; however, Hope dealt with the eighth amendment's prohibition of cruel and unusual punishment as applied to the use of hitching posts in Alabama's prisons. Assuming that the Plaintiff actually meant to cite Hope for its statement of qualified immunity law, the Defendants note that the Plaintiff has not, and cannot, show any similar law or other sources of possible notice of unconstitutionality to the Defendants such as that present in Hope.

The Defendants note that the Plaintiff has not contested the fact that her claims pursuant to Alabama law should be dismissed. She has, therefore, abandoned these claims and they are due to be dismissed.

Respectfully submitted this the 20th day of June, 2008.

> s/Jamie K. Hill
> JAMIE K. HILL, Bar No. HIL060
> DARYL L. MASTERS, Bar No. MAS018
> Attorneys for Defendants
> WEBB & ELEY, P.C.
> 7475 Halcyon Pointe Drive (36117)
> Post Office Box 240909
> Montgomery, Alabama  36124
> Telephone (334) 262-1850
> Fax (334) 262-1889
> Email: jhill@webbeley.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this the **20th day of June, 2008**, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:  **Kathryn Mae Dickey, Esq.**

> **s/Jamie K. Hill**
> OF COUNSEL