IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LAVENTA HARRIS, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| v. ) | CASE NO.: 3:08-cv-246-MEF |
| ) | |
| JAY JONES, SHERIFF OF LEE COUNTY ) | |
| SHERIFF'S DEPARTMENT, *et al.*, ) | (WO- Not Recommended for Publication) |
| ) | |
| DEFENDANTS. ) | |

# **MEMORANDUM OPINION AND ORDER**

Laventa Harris ("Harris"), a woman who alleges that she was arrested and jailed improperly after she called the Lee County Sheriff's Department for assistance with her minor son, who was out of control, brings suit against Jay Jones "(Jones"), Sheriff of the Lee County Sheriff's Department and against a deputy sheriff named Bill McGuire ("McGuire"). Harris brings suit against both Jones and McGuire in their individual and their official capacities. Harris alleges that certain unspecified policies and customs of the Lee County Sheriff's Department "created an atmosphere conducive to treating African-Americans more harshly than Caucasians." She also contends that she was subjected to race discrimination and denied her right to equal protection of the law. The factual predicate alleged in support of these claims is that McGuire: "made racial remarks" while in her home, threw her nine-year-old daughter on the sofa and cursed at her, told her he wanted to see her in jail, arrested her for domestic violence, and took her to jail barefoot. She seeks compensatory damages, including damages for mental anguish, unspecified injunctive and declaratory relief, and

attorney's fees and costs.

In Count I of the Amended Complaint, Harris brings claims pursuant to 42 U.S.C. § 1983. Specifically, Harris also alleges that while at her home McGuire violated her rights under the Fourteenth Amendment to the United States Constitution "to be free from race discrimination and her entitlement to the equal protection of the law." She further alleges that McGuire violated her rights under 42 U.S.C. § 1981. In addition to the claims brought pursuant to 42 U.S.C. § 1983, Harris brings claims pursuant to Alabama law for Malicious Prosecution (Count II), False Arrest/False Imprisonment (Count III), and "Race Discrimination" (Count IV).

Harris' original complaint was brought only against the Lee County Sheriff's Department. Counsel for that entity moved for the dismissal of the action because the Lee County Sheriff's Department is not a legal entity subject to suit. Harris conceded this and sought leave to file the Amended Complaint, which named Jones and McGuire as defendants. The Court granted that request.

After the Amended Complaint was filed on May 9, 2008, Jones and McGuire filed the Motion to Dismiss Amended Complaint (Doc. # 15) which is now before the Court. Jones and McGuire seek dismissal of all claims against them on a variety of ground. For the reasons set forth in this Memorandum Opinion and Order, the motion is due to be GRANTED IN PART AND DENIED IN PART.

**JURISDICTION AND VENUE**

This court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331

and 1367.  Additionally, defendants have not argued that the court does not have personal jurisdiction over each of them.  There is no dispute over whether venue pursuant to 28 U.S.C. § 1391(b) is appropriate as alleged.

## LEGAL STANDARDS

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint.  Prior to the Supreme Court's recent decision in *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007), a motion to dismiss could only be granted if a plaintiff could prove "no set of facts . . . which would entitle him to relief."  *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Wright v. Newsome*, 795 F.2d 964, 967 (11th Cir. 1986).  Now, in order to survive a motion to dismiss for failure to state a claim, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 127 S. Ct. at 1974.  While the factual allegations of a complaint need not be detailed, a plaintiff must nevertheless "provide the 'grounds' of his 'entitlement to relief' and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 1965.  The plaintiff's "[f]actual allegations must be enough to raise a right to relief above a speculative level on the assumption that the allegations in the complaint are true."  *Id*.  It is not sufficient that the pleadings merely "le[ave] open the possibility that the plaintiff might later establish some set of undisclosed facts to support recovery."  *Id.* at 1968 (internal quotation and alteration omitted).  In considering a defendant's motion to dismiss, a district court will accept as true all well-pleaded factual allegations and view them in a light most favorable to the plaintiff.  *See Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir.

3

2007). *Accord, Nelson v. Campbell*, 541 U.S. 637, 640 (2004) (where a court is considering dismissal of a complaint at the pleading stage, it must assume the allegations of the complaint are true).

The federal claims in this action are brought against defendants pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy when person acting under color of state law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See, e.g.,* 42 U.S.C. § 1983;[1] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) ("§ 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred") (internal quotes omitted); *Cummings v. DeKalb County*, 24 F.3d 1349, 1355 (11th Cir. 1994). To state a claim pursuant to § 1983, a plaintiff must point to a violation of a specific federal right. *See, e.g., Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996).

**DISCUSSION**

**A. Harris' Federal Claims Against Defendants in Their Official Capacities**

As previously stated, Harris brings her claims pursuant to § 1983 alleging that Jones and McGuire violated her Fourteenth Amendment rights. With respect to these claims Jones

---

[1] Section 1983 provides in relevant part:
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

4

and McGuire have moved to dismiss because they contend the Eleventh Amendment bars such claims against them.

### 1. Compensatory and Punitive Damages Are Not Available

A suit against a government official in his official capacity is considered a suit against the official's office itself. *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). When that office is an arm of the state government, the Eleventh Amendment "protects the sovereignty of the state by prohibiting suits when recovery would be paid from state funds."[2] *Robinson v. Georgia Dep't of Transp.*, 966 F.2d 637, 638-39 (11th Cir. 1992); *see Edelman v. Jordan*, 415 U.S. 651 (1976) (defining scope of sovereign immunity under the Eleventh Amendment).

Under Alabama law, it is well-settled that sheriffs are executive officers of the state, and, as a result, suits against a sheriff are considered suits against the state. *Parker v. Amerson*, 519 So.2d 442, 442-43 (Ala.1987) ("A sheriff is an executive officer of the State of Alabama ...."); *see also McMillan v. Monroe County, Ala.*, 520 U.S. 781, 789 (1997) (holding that, based on an analysis of Alabama law, sheriffs are state officers and suits against them in their official capacity are suits against the state). This immunity also extends to the sheriff's deputies. *Carr v. City of Florence, Alabama*, 916 F.2d 1521, 1526 (11th Cir. 1990). Accordingly, this court must consider a suit against Jones in his official capacity as sheriff of Houston County, Alabama and against McGuire in his official capacity as a deputy sheriff as a suit against the State of Alabama. Because the Eleventh Amendment

---

[2] There is no indication that Alabama has waived its sovereign immunity.

bars suits against the state in federal court, in the absence of consent, this Court has no jurisdiction to hear any claims for monetary damages against Jones or McGuire in their official capacities and those claims are due to be DISMISSED.

Perhaps recognizing this bar to her seeking claims for damages from Jones or McGuire in their official capacities, Harris has alleged in the Amended Complaint that she seeks "injunctive and declaratory relief" in addition to her request for compensatory damages.

### 2. Viability of Request for Injunctive Relief

While, the Eleventh Amendment has been construed to bar suits against a state brought by that state's own citizens, absent the state's consent, there exists a well-recognized exception to this general rule "for suits against state officers seeking *prospective* equitable relief to end *continuing* violations of federal law." *McClendon v. Ga. Dep't of Cmty. Health,* 261 F.3d 1252, 1256 (11th Cir.2001) (emphasis in original). *See also Ex parte Young,* 209 U.S. 123, 159-60 (1908).

> In determining whether the doctrine of *Ex parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a 'straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.' *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 296, 117 S. Ct. 2028, 138 L. Ed. 2d 438 (1997) (O'CONNOR, J., joined by SCALIA and THOMAS, JJ., concurring in part and concurring in judgment); see also *id.*, at 298-299, 117 S. Ct. 2028 (SOUTER, J., joined by STEVENS, GINSBURG, and BREYER, JJ., dissenting).

*Verizon Maryland, Inc. v. Public Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002). In this case, the pertinent inquiry is impeded by the failure of Harris to in any way allege what

6

kind of injunctive or declaratory relief she seeks. Moreover, the injury Harris alleges as her Fourteenth Amendment violation was McGuire's past failure to accord her equal protection of the law and to treat her as he would have treated similarly situated Caucasian citizens. Clearly, she has not alleged an on-going violation of her rights under the Fourteenth Amendment or any likelihood of future similar violations of her rights if the unspecified declaratory and injunctive relief is not granted her. The Court is simply not convinced that the permanent injunction Harris seeks is actually *prospective* relief intended to prevent an on-going violation of Harris' rights.

Federal courts have jurisdiction only over concrete cases and controversies. U.S. Const. Art. 3, § 2, cl. 1. A plaintiff will generally have standing only where (1) she experienced injury in fact, (2) the injury is fairly traceable to the defendant's conduct, and (3) her harm is likely to be redressed should the court order relief. A plaintiff seeking injunctive or declaratory relief, however, must prove not only an injury, but also "a real and immediate threat of future injury in order to satisfy the 'injury in fact' requirement." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102-05 (1983) (holding that because injunctions regulate future conduct, a party has standing to seek injunctive relief only if he alleges a real and immediate-as opposed to a merely conjectural or hypothetical-threat of future injury); *Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1241 (11th Cir. 2003); *Cotterall v. Paul*, 755 F.2d 777, 780 (11th Cir. 1985). Where, as here, the threat of future harm dissipates, the plaintiff's request for prospective injunctive relief becomes moot. *See, e.g., Adler v. Duval County Sch. Bd.*, 112 F.3d 1475, 1477-78 (11th Cir. 1997); *Spears v. Thigpen*, 846 F.2d

1327, 1328 (11th Cir. 1988); *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). *Accord, Rhoden v. Randall*, No. 96-6137, 1997 WL 570346 at *2 (6th Cir. Sept. 11, 1997) (holding that injunctive relief requested for malicious prosecution was rendered moot when underlying conviction was vacated); *Berry v. South Carolina Dep't of Social Servs.*, No. 95-2678, 1997 WL499950 at *4-*5 (4th Cir. Aug. 25, 1997) (affirming dismissal of claims for injunctive relief to prevent future malicious prosecution on ground that claims were moot when prosecution against plaintiff had been terminated long before suit).

Here, with respect to the alleged actions giving rise to her claims that her rights under the Fourteenth Amendment were violated, Harris has failed to allege that she is suffering and will continue to suffer irreparable injury unless the Court grants the unspecified requested injunctive relief. For the foregoing reasons, the Court finds that the claims against Jones and McGuire in their official capacities for injunctive relief are due to be DISMISSED.

### 3. Adequacy of Allegations of Basis for Official Capacity Liability

Under § 1983, there is no *respondeat superior* liability; a municipality or county may not be sued under § 1983 for the acts of others. *See Monell*, 436 U.S. at 691-94; *see also City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988); *Brown*, 188 F.3d at 1290 ("A governmental entity is not liable under § 1983, merely as a matter of *respondeat superior,* for constitutional injuries inflicted by its employees."); *Gold,* 151 F.3d at 1350 (municipality may not be liable for the wrongful actions of its police officers pursuant to a *respondeat superior* theory of liability). "Instead, a municipality [or county] may be held liable for the actions of a police officer only when municipal [or county] 'official policy' causes a

constitutional violation." *Gold,* 151 F.3d at 1350. It is incumbent upon a plaintiff seeking to hold a municipality or county liable pursuant to § 1983 to identify the municipal or county policy or custom that he contends caused his injury to be inflicted. *Id.*

In *Brown v. City of Ft. Lauderdale,* 923 F.2d 1474 (11th Cir.1991), the Eleventh Circuit explained that a plaintiff can establish governmental entity liability under §1983 in either one of two ways. First, liability may attach if a plaintiff demonstrates "a widespread practice that, 'although not authorized by written law or express municipal policy, causes a constitutional deprivation and is so permanent and well settled as to constitute a custom and usage with the force of law.'" *Id.* at 1481 (quoting *Praprotnik,* 485 U.S. at 127). Second, a plaintiff can establish the liability of a municipality or county by showing that his or her alleged constitutional injury was caused by a person who "possess[ed] 'final authority to establish municipal [or county] policy with respect to the action ordered.'" *Id.* at 1480 (quoting *Pembaur v. City of Cincinnati,* 475 U.S. 469, 481 (1986)); *see also Jett v. Dallas Ind. Sch. Dist.,* 491 U.S. 701, 737 (1989); *Church v. City of Huntsville,* 30 F.3d 1332, 1337 (11th Cir.1994).

Harris makes no allegation whatsoever regarding Jones or McGuire as a policymaker of any sort. Harris' factual allegations make no mention whatsoever of any written official policy. She fails to include in the Amended Complaint any specific factual allegations of any widespread practice so permanent and well settled as to constitute a custom and usage with the force of law. To the extent that Jones and McGuire are sued in their official capacities, these failures to plead requisite factual grounds in support of Harris' claims require the Court

9

to dismiss the claims as insufficient.  For this additional reason, the motion to dismiss the federal claims against the defendants in their official capacities is due to be GRANTED.

**B.  42 U.S.C. § 1981 Claims**

Harris alleges that the conduct of the defendants violated well-established federal law, spcifically, 42 U.S.C. § 1981.  42 U.S.C. § 1981 prohibits racial discrimination by private parties and state actors in the making and enforcement of contracts.  To state a cause of action under § 1981 plaintiff must allege facts that, if proved, would demonstrate: "(1) that the plaintiff is a member of a racial minority; (2) that the defendant intended to discriminate on the basis of race; and (3) that the discrimination concerned one or more of the activities enumerated in the statute." *Kinnon v. Arcoub, Gopman & Assocs., Inc.*, 490 F.3d 886, 891 (11th Cir. 2007) (quoting *Jackson v. BellSouth Telecomms., Inc.*, 372 F.3d 1250, 1270 (11th Cir. 2004)).  Harris fails to allege any facts to show that she was discriminated against due to her race in regard to any of the activities enumerated in the statute such as the making or enforcement of a contract.  Thus, Harris fails to state a cognizable claim under 42 U.S.C. § 1981.  To the extent that Harris' Amended Complaint intended to articulate claims for alleged violations of 42 U.S.C. § 1981 those claims are due to be DISMISSED.

**C. Harris' Remaining Federal Claims Against Jones and McGuire in Their Individual Capacities**

**1.  Legal Paradigm**

While the Eleventh Amendment shields state officers from damage suits in their official capacities, these officials are individually amenable to suit under 42 U.S.C. § 1983

for violations of the United States Constitution and federal law. *See Graham*, 473 U.S. at 165-67. However, a government official sued in his individual capacity under § 1983 may assert qualified immunity as an affirmative defense if he was performing a discretionary function. *Crosby v. Monroe County*, 394 F.3d 1328, 1332 (11th Cir. 2004). "Once the official has established that he was engaged in a discretionary function, the plaintiff bears the burden of demonstrating that the official is not entitled to qualified immunity." *Id*. If the plaintiff fails to furnish sufficient factual allegations at this stage, the defendant officer is entitled to judgment. *See Marsh v. Butler County, Alabama*, 268 F.3d 1014, 1022 (11th Cir. 2001). In this case, there is no dispute as to whether Jones and McGuire were engaged in discretionary functions.

In *Saucier v. Katz*, 533 U.S. 194, 201 (2001), the Supreme Court delineated a two-step analysis for determining whether an officer engaged in a discretionary function is eligible for qualified immunity. The initial inquiry focuses on whether the plaintiff's allegations, if considered true, show that the officer violated a constitutional right. *Id*. The absence of a constitutional violation ends the inquiry. *Id*. However, where a court does find that an officer acted in an unconstitutional manner, the analysis turns to whether the right in question was clearly established so that the officer had fair warning that his conduct was constitutionally prohibited. *Id*.

"For a constitutional right to be clearly established, its contours must be sufficiently clear that a reasonable officer would understand that what he is doing violates that right." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (citation and internal quotations omitted). This

11

standard does not require a prior court decision to have declared the precise set of facts presently alleged unlawful, "but it is to say that in the light of pre-existing law the unlawfulness must be apparent." *Anderson v. Creighton*, 438 U.S. 635, 640 (1987). "The salient question. . . is whether the state of the law . . . gave [the officers] fair warning that their alleged treatment of [the plaintiff] was unconstitutional." *Hope*, 536 U.S. at 741.

The Eleventh Circuit has further refined the analysis of when the law is clearly established. It has observed that "fair and clear" notice may be given by (1) the "obvious clarity" of the pertinent federal statute or constitutional provision, such that qualified immunity may be overcome in the "total absence of case law," (2) the judicial determination that certain conduct has been defined as unlawful without regard to particular facts, and (3) holdings in specific cases that are tied to certain facts. *Vinyard v. Wilson*, 311 F.3d 1340, 1350-51(11th Cir. 2002) (emphasis removed). Only the decisions of the Supreme Court, the Eleventh Circuit, or the highest court in the state in which the case arose provide the case law capable of clearly establishing the boundaries of rights in the qualified immunity analysis. *Thomas ex rel. Thomas v. Roberts*, 323 F.3d 950, 953 (11th Cir. 2003).

In this case, Harris has sued two individual defendants, Jones and McGuire. Both Jones and McGuire are sued in their individual capacity, as well as their official capacity. Both Jones and McGuire have filed a motion to dismiss predicated, at least in part, on qualified immunity. Additionally, both Jones and McGuire argue that Harris' Complaint fails to comply with the "heightened pleading" requirement applicable to cases such as this one according to the law of the Eleventh Circuit Court of Appeals.

More than a decade ago, the Eleventh Circuit Court of Appeals required plaintiffs bringing claims pursuant to 42 U.S.C. § 1983 to satisfy a heightened pleading standard. *See, e.g., Oladeinde v. City of Birmingham,* 963 F.2d 1481 (11th Cir. 1992), *cert. denied,* 507 U.S. 987 (1993). To satisfy this standard in such cases, a plaintiff must plead her claims with some factual detail. *Id.* at 1485.

In 1993, the Supreme Court of the United States held that courts may not impose a heightened pleading requirement for claims pursuant to 42 U.S.C. § 1983 against municipal entities, but it specifically declined to reach the issue of whether a similar holding was warranted in such cases against individual government entities. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 167-68 (1993). It is clear that after the *Leatherman* decision, the Eleventh Circuit Court of Appeals determined that it was still appropriate to require heightened pleading in some cases pursuant to 42 U.S.C. § 1983 or similar cases. *See, e.g, Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1250-51 (11th Cir. 2003) (affirming the district court's decision to apply heightened pleading standard to a § 1983 claim); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003) (applying heightened pleading standard to motion to dismiss in a *Bivens* action); *Laurie v. Alabama Court of Crim. Appeals,* 256 F.3d 1266, 1275-76 (11th Cir. 2001) ("'Heightened pleading is the law of this circuit' when § 1983 claims are asserted against government officials in their individual capacities."); *Kyle K. v. Chapman*, 208 F.3d 940, 944 (11th Cir. 2000) (recognizing "heightened pleading requirement applicable to section 1983 actions against individual government officials"); *GJR Invs., Inc. v. County of Escambia, Fla.,* 132 F.3d

13

1359, 1367-68 (11th Cir. 1998).

In 2002, the United States Supreme Court decided a case which once again has caused some courts to reconsider the appropriateness of requiring heightened pleading. In *Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002), the Supreme Court held that "an employment discrimination complaint need not include [specific facts establishing a prima facie case of discrimination under the framework set forth by *McDonnell Douglas Corp. v. Green*] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz,* 534 U.S. at 508 (*citing* Fed. R. Civ. P. 8(a)(2)). While the clearly announced specific holding of this case makes it plain that it is applicable to employment discrimination cases and does not address cases against individual governmental actors pursuant to 42 U.S.C. § 1983, nearly every Circuit Court of Appeals has subsequently rejected a heightened pleading requirement in cases against government officials pursuant to 42 U.S.C. § 1983.[3] Despite this apparent trend, the Eleventh Circuit

---

[3] The First, Second, Third, Sixth, Seventh, Eighth, Ninth, Tenth, and D.C. Circuits have rejected heightened pleading in the wake of *Leatherman , Swierkiewicz* and *Crawford-El v. Britton,* 532 U.S. 574 (1998) (rejecting a heightened burden of proof in a civil rights case against government officials). *See, e.g., Doe v. Cassel,* 403 F.3d 986, 988-89 (8th Cir. 2005); *Educadores Puertorriquenos en Accion v. Hernandez,* 367 F.3d 61, 66-67 (1st Cir. 2004); *Alston v. Parker,* 363 F.3d 229, 233-35 (3rd Cir. 2004); *Phelps v. Kapnolas,* 308 F.2d 180, 187 (2d Cir. 2002); *Galbraith v. County of Santa Clara,* 307 F.3d 1119, 1125-26 (9th Cir. 2002); *Goad v. Mitchell,* 297 F.3d 497, 501-05 (6th Cir. 2002); *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002); *Currier v. Doran,* 242 F.3d 905, 911-17 (10th Cir. 2001); *Harbury v. Deutch*, 233 F.3d 596, 610 (D.C. Cir. 2000), *rev'd on other grounds sub nom. Christopher v. Harbury,* 536 U.S. 403 (2002) ("plaintiffs making constitutional claims based on improper motive need not meet any special heightened pleading standard"). *See also* 2 James Wm. Moore et al., Moore's Federal Practice § 9.10[2], at 9-62-67 (3rd ed. 2004). The Fifth Circuit Court of Appeals does not have heightened pleading, but instead uses a procedure pursuant to Federal Rule of Civil Procedure 7(a) in cases where a government

Court of Appeals has reiterated that it requires heightened pleading in civil rights cases to the extent that they are brought against individual defendants who might raise a qualified immunity defense on several occasions since the Supreme Court decided *Swierkiewicz*. *See, e.g., Swann v. Southern Health Partners, Inc.,* 388 F.3d 834, 838 (11th Cir. 2004); *Dalrymple v. Reno,* 334 F.3d 991, 996 (11th Cir. 2003); *Gonzalez,* 325 F.3d at 1235. In light of the binding decisions from the Eleventh Circuit Court of Appeals and the absence of direct authority from the United States Supreme Court to the contrary, this Court will continue to apply the heightened pleading standard in cases pursuant to 42 U.S.C. § 1983 against governmental officials sued in their individual capacities.

When that standard is applied to this case, the Court is compelled to find the allegations of the Amended Complaint against Jones and McGuire in their individual capacities are legally insufficient. The Amended Complaint is wholly devoid of any specific delineation of the factual predicate for Harris' claims against Jones in his individual capacity. Tellingly, Harris' argument in opposition to the motion to dismiss has little to say about the basis for the claims against Jones other than that he is Caucasian and is responsible for the policies and procedures used by Deputies under his supervision. Frankly, this analysis smacks of an impermissible *respondeat superior* liability approach. The Court cannot find that Harris has satisfied the requirements of heightened pleading with respect to her claims against Jones. Absent such pleading, the Court's ability to assess the availability of the

---

official wishes to raise qualified immunity. *See, e.g., Schultea v. Wood,* 47 F.3d 1427, 1433-34 (5th Cir. 1995).

qualified immunity defense is impaired. The Court notes that nowhere in her response does Harris ask the Court for another opportunity to attempt to plead her claims if the Court finds them deficient. That fact and the fact that she has already had a second chance at setting forth her claims support a conclusion that the federal claims against Jones in his individual capacity are due to be DISMISSED.

While slightly more is pled about Harris' federal claims against McGuire in his individual capacity, those allegations also are legally insufficient. Harris' claim against McGuire is essentially that he called her a "nigger" and cursed at her in front of her nine year old child after Harris had called law enforcement for help with a domestic violence situation. Although McGuire is Caucasian and Harris African-American, the allegations set forth in the Amended Complaint are insufficient to satisfy the Eleventh Circuit Court of Appeals' requirement of heightened pleading. Accordingly, the motion to dismiss is due to be GRANTED with respect to these claims.

**D. State Law Claims**

In addition to Harris' claims pursuant to 42 U.S.C. § 1983, Harris brings a number of claims pursuant to Alabama law. The statutory provision addressing supplemental jurisdiction provides that

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Thus, Section 1367(a) provides a basis for this Court to exercise jurisdiction over Harris' claims against the defendants in this action pursuant to Alabama law because it has jurisdiction over Harris' related claims against them pursuant to 42 U.S.C. § 1983. However, the requirement contained in § 1367(a) that this Court exercise its supplemental jurisdiction over Harris' state law claims is subject to certain enumerated instances in which it is appropriate for a federal court to decline to exercise its supplemental jurisdiction over a case. Those circumstances are set forth in Section 1367(c), which provides that

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if –
>     (1) the claim raises a novel or complex issue of State law,
>     (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>     (3) the district court has dismissed all claims over which it has original jurisdiction, or
>     (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). The Court finds that claims before this Court pursuant to § 1367(a) present novel or complex issues of Alabama law. Additionally, the federal claims over which this Court had original jurisdiction have now been dismissed. Pursuant to 28 U.S.C. § 1367(c)(1) & (3), the Court declines to exercise supplemental jurisdiction over Harris' claims pursuant to Alabama law. All of Harris' claims pursuant to Alabama law will accordingly be DISMISSED WITHOUT PREJUDICE. This dismissal should not work to Harris' disadvantage should she elect to bring suit in state court because the period of limitations for any of these claims is tolled during the pendency of this action. *See* 28 U.S.C. § 1367(d).

**CONCLUSION**

For the foregoing reasons, the Court finds that all federal claims remaining in Harris' Amended Complaint over which this Court has original subject matter jurisdiction, are due to be DISMISSED. Having disposed of these claims, the Court declines to exercise supplemental jurisdiction over Harris' remaining claims pursuant to Alabama law. Moreover, having disposed of all of Harris' federal claims on the grounds articulated above, the Court need not and does not address any of the other arguments made in the motion to dismiss. This does not mean that the arguments are not correct; it simply means that the Court cannot justify a further expenditure of scarce judicial research on a detailed discussion of such matters. Accordingly, it is hereby ORDERED as follows:

1. The Motion to Dismiss Amended Complaint (Doc. # 15) is GRANTED in part and DENIED in part.

2. All of Harris' claims pursuant to 42 U.S.C. § 1983 for damages against Jones and McGuire in their official capacities are DISMISSED WITH PREJUDICE.

3. All of Harris' claims pursuant to 42 U.S.C. § 1983 for declaratory or injunctive relief against Jones and McGuire are DISMISSED WITHOUT PREJUDICE.

4. All of Harris' claims pursuant to 42 U.S.C. § 1983 for alleged violations of 42 U.S.C. § 1981 are DISMISSED WITH PREJUDICE.

5. All of Harris' claims pursuant to 42 U.S.C. § 1983 against Jones and McGuire in their individual capacities are DISMISSED WITHOUT PREJUDICE.

6. The Court declines to exercise supplemental jurisdiction over Harris' claims pursuant to Alabama law (Count II, III, and IV) and such claims are DISMISSED WITHOUT PREJUDICE.

7. A separate final judgment will be entered consistent with this Memorandum Opinion and Order.

DONE this the 31st day of March, 2009.

                                            /s/ Mark E. Fuller
                                 CHIEF UNITED STATES DISTRICT JUDGE